KLEINFELD,
Senior Circuit Judge, dissenting:
I respectfully dissent.
This case could reasonably have been decided either way at the administrative level. The record allows for the interpretation that the claimant is unable to work, but also for the interpretation that she could do something like the work she did before she came to the United States, on a farm, and prefers not to. Because the record as a whole could be read either way, we are required to accept the ALJ’s decision.[1]
The majority bases its reversal on the theory that the agency inadequately justi *700 fied rejecting Dr. Hirokawa’s view. That is not a good enough reason to reverse.
First, Dr. Hirokawa does not clearly state that Chang is medically disabled. He attributes Chang’s limitations to “limited education,” “cultural issues” by which he seems to mean ignorance of things most Americans know (like what “birds of a feather flock together” means), and depression: He attributed her “poor” ability to complete a normal workday or workweek to “depressive symptoms, fatigue, and poor motivation.” Poor motivation may be a medical disability, if caused by clinical depression, and may not be, if caused by a preference for not working. Cultural differences may, in combination with a medical disability, further limit ability to work, but are not themselves a medical disability.
Second, Dr. Hirokawa was not a treating physician. The higher level of deference for a treating physician’s opinion has no application to this opinion by a consulting psychologist.[2]
The ALJ thought that although Chang had medical impairments, her “statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.” He articulated particularized reasons for why he thought so. There is substantial evidence in the record as a whole for his view. A consulting physician’s report by two physicians characterizes Chang’s credibility as “partial.” This physician’s report says that her “fairly [normal] physical exam does not support alleged degree of limitation of physical.” A different physician who performed a comprehensive internal medicine evaluation characterized her as a “poor historian.”
Chang may or may not be medically disabled. The ALJ may or may not be correct in his conclusion that she exaggerated her symptoms. “Where evidence is susceptible to more than one rational interpretation, it is the ALJ’s conclusion that must be upheld.”[3] Because we must defer to the agency if substantial evidence on the record as a whole supports its conclusion, it does not matter that we might reasonably read the record differently from the agency. We are obligated by the standard of review to affirm.[4]
The ALJ considered the entire record and found that Chang’s statements about the limiting effects of her symptoms were not entirely credible. Substantial evidence supports the ALJ’s determination, so we should affirm.

. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.2005).

. Hiler v. Astrue, 687 F.3d 1208, 1212 (2012) ('[G]enerally a treating physician's opinion carries the most weight of the various types of physician testimony.”).

. Burch, 400 F.3d at 679.

.42 U.S.C. 405(g); Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence.”).